AUGUST PIENE, APPELLANT, v. WALTER EICHHORN, RESPONDENT.

Submitted October 14, 1927—Decided January 14, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Samuel Solomon* (*I. George Koven*, of counsel).

For the respondent, *Abram C. Safyer*.

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from judgments of nonsuit in two actions for rent.

On February 28th, 1925, the parties entered into a lease whereby the plaintiff leased to the defendant the factory building, 3526 Hudson Boulevard, Jersey City, for the term of five years, commencing March 15th, 1925, at an annual rental of $1,200 for the first year, payable $100 per month in advance and $1,500 for the remaining four years, at $125 per month, in advance.

There were two actions—one for $125 for rent due March 15th, 1927, and the other for $125 for rent due June 15th, 1927. They were tried together.

On January 15th, 1927, the defendant commenced removing his goods from the leased premises and on March 15th, 1927, had removed all except one large drilling machine and shafting which had not been removed at the time the suits in question were instituted.

On March 15th, 1927, the defendant tendered the keys of the premises to the plaintiff who refused to accept them.

The lease contains the following provision: "And the said party of the second part has deposited with the said party of the first part the sum of $375 * * * and which sum is held as security for the faithful performance of all the covenants herein contained and which money shall be forfeited and applied by the said party of the first part as liquidated damages provided the said party of the second part has failed to comply with said covenants and otherwise to be

applied for and towards the payment of the last three months, rent herein provided and agreed."

The learned trial judge construed this sum of $375 as being in liquidation of the two months' rent in suit, and accordingly granted the nonsuits.

In this construction we think there was error.

Whatever the effect of this provision may have been as to the breach of any other covenant, of which there were several, it clearly was not intended to cover a breach of the covenant to pay the rent in question. The provision that if the sum in question is not applied in liquidation for the breach of any other covenant, that then it is to be applied in payment of the last three months' rent under the lease, alone and in itself, negatives the construction adopted and applied by the learned trial judge.

The judgments below are reversed, with costs.